THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PEDLAR COSMETIC AND FAMILY DENTISTRY PLLC, | § § § | |
| *Plaintiff,* | § § § | |
| | § | CIVIL ACTION NO. |
| v. | § § | |
| UTICA LLOYD'S OF TEXAS, | § § | _____ |
| *Defendant.* | § § § | |

## DEFENDANT UTICA LLOYD'S OF TEXAS'S NOTICE OF REMOVAL

Defendant Utica Lloyd's of Texas ("Utica") files this Not of Removal and respectfully shows the following:

## I.
## BACKGROUND

1.1    On July 31, 2023, Plaintiff Pedlar Cosmetic and Family Dentistry PLLC ("Plaintiff") filed suit against Utica Lloyd's of Texas in Fort Bend County, Texas. *See* Ex. 3-1. Plaintiff filed its First Amended Petition on September 1, 2023. *See* Ex. 3-4.

1.2    On September 20, 2023, Plaintiff served "Utica National Insurance Company of Texas" by serving David Cunningham at 2435 N. Central Expressway, Suite 400,. Richardson, Texas with a copy of the Plaintiff's First Amended Petition. *See* Ex. 3-9.

1.3    Utica filed its answer in state court on October 16, 2023. *See* Ex. 3-10.

1.4    Utica files this notice of removal within 30 days of receiving Plaintiff's First Amended Petition. *See* 28 U.S.C. § 1446(b). In addition, this Notice of Removal is being filed within one year of the commencement of this action. *See id.*

1.5     Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace Fort Bend County, Texas, the place where the removed action has been pending.

## II.
## BASIS FOR REMOVAL

2.1     Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a), and 1446.  This is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### A.  The Parties Are Of Diverse Citizenship

2.2     Plaintiff is a domestic limited liability company with its principal place of business in Texas.[1]  Accordingly, Plaintiff is a Texas citizen for diversity purposes.

2.3     Both at the time the lawsuit was originally filed and at the time of removal, Utica Lloyd's of Texas was and is a Texas Lloyds company. "[A] Texas Lloyd's plan is an unincorporated association, and its citizenship is defined by the citizenship of its members." *N. Dallas Lawn Care & Landscape Inc. v. Hartford Lloyds Ins. Co.*, No. 4:16-CV-891-JRG, 2017 WL 2600376, at *2 (E.D. Tex. June 15, 2017); *accord Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993) (looking to the citizenship of the members of a Lloyd's plan insurance association to evaluate diversity jurisdiction).  The Fifth Circuit has held that the membership of a Texas Lloyd's group consists of its underwriters. *Royal Ins. Co. of Am.*, 3 F.3d at 882.  Utica's underwriters are individuals.  Specifically, the individual underwriters are as follows:  John Anderson, Mark Angelucci, Steven Barry, Jolene Casatelli, Paul Cohen, Richard Creedon, Steven Guzski, William King, Kristen Martin, Liz Miller, Louisa Ruffine, and Bernard Turi.  A natural person is considered a citizen of the state where that person is domiciled, that is,

---

[1] Based on information from the Texas Secretary of State.

where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman*

*v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "Evidence of a person's

place of residence, however, is prima facie proof of his domicile." *Hollinger v. Home State Mut.*

*Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011). Furthermore, once established, "[a] person's state of

domicile presumptively continues unless rebutted with sufficient evidence of change." *Preston*

*v. Tenet Healthsystem Memorial Medical Center, Inc.*, 485 F.3d 793, 798 (2007). Mr. Anderson

is and intends to continue to reside in the State of Illinois. Additionally, the remaining individual

underwriters are residents and intend to continue to reside in the State of New York.

Accordingly, Utica Lloyd's of Texas is a citizen of New York and Illinois for diversity purposes.

2.4     Because Plaintiff is a citizen of Texas and Utica is a citizen of New York and

Illinois, complete diversity of citizenship exists among the parties.

### B.  The Amount in Controversy Exceeds $75,000.00

2.5     This is a civil action in which the amount in controversy exceeds the jurisdictional

limits of $75,000.00. In determining the amount in controversy, the Court may consider,

"penalties, statutory damages, and punitive damages." *St Paul Reinsurance Co, Ltd v*

*Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v State Farm Lloyds*, No. 3:98-CV-

1288-G, 1999 WL 151667, at *2-3 (N.D. Tex. 1999) (finding sufficient amount in controversy in

plaintiff's case against the insurer for breach of contract, bad faith, violations of the Texas

Insurance Code and Texas Deceptive Trade Practices Act and mental anguish). Plaintiff alleges

causes of action for breach of contract, common law bad faith, violations of Chapters 541 and

542 of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices-

Consumer Protection Act. *See* Ex. 3-4. It seeks actual damages in in the amount of $48,293.91,

consequential damages, mental anguish, court costs, statutory interest, and treble/exemplary

damages; pre- and post-judgement interest; costs; and attorneys' fees. According to its Petition,

Plaintiff seeks monetary relief above over $250,000.00 but not more than $1,000,000. *See* Ex. 3-4, p. 12, ¶ 60. Therefore, the total amount in controversy exceeds $75,000.

### III.
### REMOVAL IS PROCEDURALLY CORRECT

3.1    Plaintiff served the registered agent for "Utica National Insurance Company of Texas" on September 20, 2023. *See* Ex. 3-9. Accordingly, Utica filed this Notice of Removal within the thirty-day time period required by 28 U.S.C. § 1446(b).

3.2    Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3    Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court are filed contemporaneously with this Court.

3.4    Pursuant to 28 U.S.C. §1446(d), promptly after Utica filed this Notice of Removal, written notice will be given to Plaintiff.

3.5    Pursuant to 28 U.S.C. §1446(d), a true and correct copy of Utica's Notice to State Court of Removal will be filed with the District Clerk in Fort Bend County, Texas.

### IV.
### DOCUMENTS AND EXHIBITS ACCOMPANYING REMOVAL

4.1    All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

4.2    Attached hereto as Exhibit "1" is the Civil Cover Sheet.

4.3    Attached hereto as Exhibit "2" is the Index of State Court Documents.

4.4    Attached hereto as Exhibit "3" is a copy of the State Court's "Register of Actions."

4.5     Attached hereto as Exhibit "3-1" is a copy of Plaintiff's Original Petition file-marked July 31, 2023.

4.6     Attached hereto as Exhibit "3-2" is a copy of Plaintiff's Request for Process file-marked July 31, 2023.

4.7     Attached hereto as Exhibit "3-3" is a copy of the Citation Issued to Utica National Insurance Company dated August 4, 2023.

4.8     Attached hereto as Exhibit "3-4" is a copy of Plaintiff's First Amended Petition file-marked September 1, 2023.

4.9     Attached hereto as Exhibit "3-5" is a copy of Plaintiff's Request for Process file-marked September 1, 2023.

4.9     Attached hereto as Exhibit"3-6" is a copy of the Citation Issued to Utica National Insurance Company of Texas dated September 7, 2023.

4.10    Attached hereto as Exhibit "3-7" is a copy of the Affidavit of Service for Utica National Insurance Company of Texas file-marked September 28, 2023.

4.11    Attached hereto as Exhibit "3-8" is a copy of the Affidavit of Service for Utica National Insurance Company of Texas returned unserved and file-marked September 19, 2023.

4.12    Attached hereto as Exhibit "3-9" is a copy of the Return of Service for Utica National Insurance Company of Texas served September 20, 2023 and file-marked September 21, 2023.

4.13    Attached hereto as Exhibit "3-10" is a copy of Defendant Utica Lloyd's of Texas' Original Answer to Plaintiff's First Amended Petition file-marked October 16, 2023.

4.13    Attached hereto as Exhibit "3-11" is a copy of the Notice to State Court of Removal that will be filed immediately after the filing of this removal.

## V.
## CONCLUSION

Based upon the foregoing, and other documents filed with the Notice of Removal, which are incorporated by reference, Defendant Utica Lloyd's of Texas hereby removes this case to this court for trial and determination.

Respectfully submitted,


By:  /s/ Daniel P. Buechler
        Daniel P. Buechler
        State Bar No. 24047756
        dbuechler@thompsoncoe.com
        Brett D. Gardner
        State Bar No.  24078539
        bgardner@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:     (214) 871-8200
Facsimile:     (214) 871-8209

**ATTORNEYS FOR DEFENDANT**
**UTICA LLOYD'S OF TEXAS**

## CERTIFICATE OF SERVICE

I certify a true and correct copy of this instrument was served upon the following counsel of record via electronic mail in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on the 20th day of October, 2023:

Chad T. Wilson
cwilson@cwilsonlaw.com
Jay Scott Simon
jsimon@cwilsonlaw.com
Chad T. Wilson Law Firm PLLC
455 E. Medical Center Blvd., Suite 555
Webster, Texas 77598
832-415-1432

ATTORNEYS FOR PLAINTIFF
PEDLAR COSMETIC & FAMILY DENTISTRY PLLC


*/s/ Daniel P. Buechler*
Daniel P. Buechler