Case 4:23-cv-04014   Document 1-4   Filed on 10/20/23 in TXSD   Page 1 of 14

Filed
7/31/2023 11:46 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Sylvie Le

CAUSE NO. __23-DCV-306692__

| | | |
|---|---|---|
| PEDLAR COSMETIC AND FAMILY DENTISTRY PLLC, | § § § § § | IN THE JUDICIAL COURT OF |
| *Plaintiff,* | § | |
| V. | § § | FORT BEND COUNTY, TEXAS |
| UTICA NATIONAL INSURANCE COMPANY OF TEXAS, | § § § § | Fort Bend County - 458th Judicial District Court |
| *Defendant.* | § | ____ DISTRICT COURT |

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Pedlar Cosmetic and Family Dentistry PLLC, ("Plaintiff"), and files *Plaintiff's Original Petition, Jury Demand, and Request for Disclosure*, complaining of Utica National Insurance Company of Texas ("Utica") (or "Defendant") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2, Texas Rules of Civil Procedure 190.3.

### PARTIES

2. Plaintiff, Pedlar Cosmetic and Family Dentistry PLLC, resides in Fort Bend County, Texas.

3. Defendant, Utica National Insurance Company of Texas, is an insurance company, engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon Utica, through its registered agent for service listed with the Texas Department of Insurance: **Massachusetts Bay Insurance Company 100 North Parkway Worcester, Massachusetts 01605 Attn: Legal Department or wherever they may be found**. Plaintiff requests service at this time.

## JURISDICTION

4. The Court has jurisdiction over Utica because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Utica's business activities in the state, including those in Fort Bend County, Texas, with reference to this specific case.

## VENUE

5. Venue is proper in Fort Bend County, Texas because the insured property is located in Fort Bend County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Fort Bend County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## NOTICE AND CONDITIONS PRECEDENT

6. Plaintiff has provided Texas statutory notice of the claim to Defendant in this Petition and said notice was provided to Defendant more than sixty days prior to this Petition being filed.

7. All conditions precedent necessary to maintain a claim under the insurance policy in question has been performed, occurred, or have been waived by Defendant.

## FACTS

8. Plaintiff asserts claims for breach of contract, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

9. Plaintiff owns a Utica National Insurance Company of Texas insurance policy, number 5207696 ("the Policy"). At all relevant times, Plaintiff owned the insured premises located at 25318 Kingsland Boulevard, Katy, Texas 77494 ("the Property").

10. Utica National Insurance Company of Texas or its agent sold the Policy, insuring the Property, to Plaintiff. Utica National Insurance Company of Texas represented to Plaintiff

that the Policy included malicious mischief including theft and/or vandalism. During the policy period from January 18, 2021 to January 18, 2022, the Property sustained extensive damage resulting from a severe storm that passed through the Fort Bend County, Texas area. Utica assigned a date of loss of October 10, 2021 to Plaintiff's claim.

11. Upon discovery of the damages, Plaintiff submitted a claim to Utica against the Policy for damage to the Property. Utica assigned claim number 10302658 to Plaintiff's claim.

12. Plaintiff asked Utica to cover the cost of damage to the Property pursuant to the Policy.

13. Utica conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

14. Utica has ultimately refused full coverage which includes, but is not limited to, replacement of the roof, vents, flashings, windows, window screens, fascia, gutters, downspouts, and HVAC system.

15. The damage to Plaintiff's Property is currently estimated at $48,293.91.

16. The disparity in the number of damaged items in Utica's report compared to that of the third-party inspector's as well as the difference in valuation is evidence of unfair claims handling practices on the part of Utica.

17. Furthermore, Utica was aware of Plaintiff's deductible prior to inspecting the Property. Utica had advanced knowledge of the damages they needed to document in order to be able to deny the claim.

18. Utica misrepresented their conducting an investigation of the loss and instead only fabricated reasons to avoid payment.

19. After reviewing Plaintiff's Policy, Utica misrepresented that the damage was not covered.

Utica used their expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

20. As stated above, Utica improperly and unreasonably adjusted Plaintiff's claim. Without limitation, Utica and misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

21. Utica made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Utica made these false representations with the intent that Plaintiff acts in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Utica.

22. Plaintiff relied on Utica's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

23. Upon receipt of the inspection and estimate reports, Utica failed to assess the claim thoroughly. Based upon Utica's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Utica failed to provide coverage due under the Policy, and Plaintiff suffered damages.

24. Because Utica failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

25. Furthermore, Utica failed to perform their contractual duties to Plaintiff under the terms of the Policy. Specifically, Utica performed an unreasonable and substandard inspection that allowed them to refuse to pay full proceeds due under the Policy, although due demand

was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

26. Utica's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

27. Utica's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Utica has failed to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, Utica failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

28. Utica's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). Utica and failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

29. Additionally, after Utica received statutory demand on or about May 10, 2023, Utica has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

30. Utica's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Utica performed a biased and intentionally substandard inspection designed to allow them to refuse to provide full coverage to Plaintiff under the Policy.

Copy from re:SearchTX

31. Specifically, Utica performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

32. Utica's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to Utica's subpar inspection, Utica failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

33. Utica's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Utica's intentional undervaluation of Plaintiff's claims, Utica failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Utica's understatement of the damage to the Property caused Utica to delay full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's claim.

34. Utica's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing it with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT

35. All paragraphs from the fact section of this petition are hereby incorporated into this section.

## BREACH OF CONTRACT

36. Utica is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Utica and Plaintiff.

Copy from re:SearchTX

37. Utica's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Utica's insurance contract with Plaintiff.

### NON-COMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

38. Utica's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

39. Utica's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

40. Utica's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Utica's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

41. Utica's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

42. Utica's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

### NON-COMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

Copy from re:SearchTX

43. Utica's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

44. Utica's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

45. Utica's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

46. Utica's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though Utica knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

47. Utica's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Utica pursuant to the DTPA. Plaintiff has met all conditions precedent to bring this cause of action against Utica. Specifically, Utica's violations of the DTPA include, without limitation, the following matters:

   A. By its acts, omissions, failures, and conduct, Utica has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Utica's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become

Copy from re:SearchTX

        reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B. Utica represented to Plaintiff that the Policy and Utica's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C. Utica represented to Plaintiff that Utica's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. Utica advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E. Utica breached an express warranty that the damages caused by vandalism would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F. Utica's actions are unconscionable in that Utica took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Utica's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA; and

G. Utica's conduct acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

48. Each of the above-described acts, omissions, and failures of Utica is a producing cause of Plaintiff's damages. All of Utica's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## KNOWLEDGE

49. Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

50. Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

51. The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claims in violation of the laws set forth above.

52. Plaintiff currently estimates that actual damages to the Property under the Policy are $48,293.91.

53. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above-described acts, omissions, failures, and conduct of Defendant have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

54. For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claims, consequential damages, together with attorney's fees.

55. For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement

Copy from re:SearchTX

Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

56. For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of its claims, plus an eighteen percent (18%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

57. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Utica owed, exemplary damages, and damages for emotional distress.

58. Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

59. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance

Copy from re:SearchTX

Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

60. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(b)(1) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief over $250,000.00 but not more than $1,000,000.00, including interest statutory or punitive damages and penalties, and attorney fees and costs. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

61. Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendant disclose, within thirty (30) days from the date the first answer is filed, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

62. Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Fort Bend County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendant, Utica National Insurance Company of Texas, be cited and served to appear and that upon trial hereof, Pedlar Cosmetic and Family Dentistry, PLLC, recovers from Defendant, Utica National Insurance Company of Texas such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual,

Copy from re:SearchTX

consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show it is so justly entitled.

Dated: July 31, 2023

Respectfully submitted,

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Jay Scott Simon
Bar No. 24008040
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
**cwilson@cwilsonlaw.com**
**jsimon@cwilsonlaw.com**

ATTORNEYS FOR PLAINTIFF

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Shelby Myska on behalf of Chad Wilson
Bar No. 24079587
smyska@cwilsonlaw.com
Envelope ID: 78034024
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition, Jury Demand, and Request for Disclosure
Status as of 8/1/2023 9:05 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jay Scott Simon | 24008040 | jsimon@cwilsonlaw.com | 7/31/2023 11:46:51 AM | SENT |
| Shelby Myska | | smyska@cwilsonlaw.com | 7/31/2023 11:46:51 AM | SENT |

Copy from re:SearchTX